# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

KENNETH J. RUTHERFORD, JR.,
  Plaintiff,

vs.

WARDEN, SOUTHERN OHIO
CORRECTIONAL FACILITY, et al.,
  Defendants.

Case No. 1:15-cv-164

Barrett, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Toledo Correctional Institution in Toledo, Ohio, initiated this *pro se* civil rights action under 42 U.S.C. § 1983 to bring claims against various officials and correctional staff at the Southern Ohio Correctional Facility (SOCF) where he was previously incarcerated. (*See* Doc. 4). On March 23, 2015, the undersigned issued an Order and Report and Recommendation upon screening review of the original complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). In that decision, it was recommended that various causes of action alleged in the original complaint and some of the defendants named in that complaint be dismissed, but plaintiff was allowed to proceed with the following claims for damages: (1) Eighth Amendment excessive force claim against defendant Randy Jackson stemming from an incident that occurred at SOCF on July 3, 2014; (2) Eighth Amendment claim against defendants "Nurse Mrs. Joiner" and "Dr. B. Ahmed" stemming from their alleged failure to assess or provide treatment for the head and knee injuries that plaintiff suffered in the July 3, 2014 incident; and (3) Eighth Amendment claim against defendants Sweeny, Lewis, Distel and Butterbaugh stemming from their alleged failure to assist plaintiff

or otherwise ensure that his living conditions satisfied the minimal standards of decency when plaintiff was incarcerated from July 3-7, 2014 in a segregation cell at SOCF. (*See* Doc. 5). On May 18, 2014, the District Court adopted the Report and Recommendation to dismiss certain causes of action and named defendants as parties to this action, including SOCF correctional officer Charlie Williamson. (Doc. 15).

On April 13, 2015, prior to the District Court's adoption of the March 23, 2015 Report and Recommendation, plaintiff filed a motion for leave to file an amended complaint. (Doc. 7). On June 4, 2015, plaintiff filed a signed copy of his proposed amended complaint in compliance with Orders issued April 16, 2015 and May 26, 2015. (*See* Doc. 19; *see also* Docs. 8, 16). By that time, service of process had been executed on defendants Ahmed, Joiner, Butterbaugh and Distel, and a response to the plaintiff's pending motion was filed on their behalf by their counsel. (*See* Docs. 10, 13, 17).[1] This matter is now before the Court for ruling on plaintiff's motion for leave to file an amended complaint (Doc. 7), which is ripe for consideration in light of the served defendants' response.

In his proposed amended complaint, plaintiff states essentially the same claims set forth in the original complaint against defendants Jackson, Ahmed, Joiner, Sweeny, Lewis, Distel and Butterbaugh, which have been allowed to proceed. (*See* Doc. 19, pp. 5-6, at PAGEID#: 108-09; *see also* Docs. 4, 5). In addition, plaintiff has named the Ohio Department of Rehabilitation and Correction (ODRC) as a new defendant, and seeks to reinitiate a claim against a previously dismissed defendant, Charlie Williamson, based on the following allegations:

---

[1] It appears from the record that the summons issued for defendants Randy Jackson, Lewis and Sweeny were returned unexecuted. (*See* Docs. 9, 14).

> On 07/03/14 at the SOCF, Charlie Williamson . . . negligently and deliberately showed indifference to my safety, when he failed to protect me from Randy Jackson's assault and further failed to stop it once it had begun. He also failed to offer me same protections all other prisoners enjoy: when he failed to escort me to segregation himself, instead allowing Randy Jackson to do so – after I had allegedly assaulted Jackson.

(*Id.*). Plaintiff further requests that he be allowed to bring suit against the defendants in "both their official and individual capacities." (*Id.*, p. 7, at PAGEID#: 110). As relief, he requests "compensatory damages in the amount of $200,000 . . ., for . . . physical and emotional injuries, and punitive damages against each defendant." (*Id.*).

In their response to plaintiff's motion, defendants Ahmed, Joiner, Butterbaugh and Distel state that they "do not oppose Plaintiff's Motion for Leave to File an Amended Complaint." (Doc. 17.). In the absence of any objection by the defendants who have appeared in this case, plaintiff's motion for leave to file an amended complaint (Doc. 7) is **GRANTED** to the extent that plaintiff may proceed with the claims alleged in his proposed amended complaint that are brought against defendants Jackson, Ahmed, Joiner, Sweeny, Lewis, Distel and Butterbaugh in their individual capacities. Therefore, the proposed amended complaint asserting those claims (Doc. 19), hereby supplants the original complaint. (*See* Doc. 4).

However, it is **RECOMMENDED THAT** plaintiff's motion for leave to file an amended complaint (Doc. 7) be **DENIED** to the extent that plaintiff seeks in the proposed amended complaint to also bring "official capacity" claims against defendants Jackson, Ahmed, Joiner, Sweeny, Lewis Distel and Butterbaugh; to add the ODRC as a defendant; and to reinitiate a claim against Charlie Williamson for failing to protect him from the alleged excessive use of force by Jackson when plaintiff was being transported to segregation by Jackson following plaintiff's altercation with Jackson on July 3, 2014.

3

As in the original complaint (*see* Doc. 4, pp. 5, 7, at PAGEID#: 33, 35), plaintiff's allegations in the proposed amended complaint are insufficient to give rise to a viable claim under § 1983 against Williamson. Plaintiff's allegation of "negligence" on the part of Williamson is insufficient to state a cognizable claim under § 1983. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976)). Although plaintiff has also generally alleged that Williamson was "deliberately indifferent" to his safety, which triggers Eighth Amendment concerns, the proposed amended complaint fails to state a claim of constitutional dimension in the absence of any factual allegations that Williamson was aware of and deliberately disregarded an excessive risk to plaintiff's safety when he allowed Jackson to escort plaintiff to segregation following plaintiff's altercation with Jackson. *See id.* at 834-38; *see also Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010) (and cases cited therein). Furthermore, to the extent plaintiff contends that Williamson should have stopped Jackson's assault, plaintiff has not alleged any additional facts in the proposed amended complaint to suggest that Williamson was even present when the alleged misconduct by Jackson occurred. Therefore, like the original complaint, in the absence of any allegations that Williamson participated or otherwise acquiesced in the alleged use of excessive force by Jackson, the proposed amended complaint fails to state a claim upon which relief may be granted against Williamson.

Similarly, the proposed amended complaint against the ODRC is not viable because the ODRC is not a "person" or legal entity that may be sued under § 1983. *See, e.g., McGlone v. Warren Corr. Inst.,* No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein) (holding that

claims against a state prison and the ODRC should be dismissed at the screening stage because "neither the state prison facility nor the state corrections department is an entity capable of being sued under § 1983"), *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J.); *see also Hix v. Tennessee Dep't of Corr.,* 196 F. App'x 350, 355-56 (6th Cir. 2006) (and cases cited therein); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002). *Cf. Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons'" who may be held liable for constitutional violations in a § 1983 action). Furthermore, to the extent that plaintiff seeks damages in the instant action, the Eleventh Amendment bars plaintiff's cause of action against the state agency defendant. *McGlone*, *supra*, 2013 WL 1563265, at *3 (citing *Rodgers*, 29 F. App'x at 260); *see also Will*, 491 U.S. at 66-71; *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 454 (6th Cir. 2012) (per curiam).

Finally, in this damages action, plaintiff has not stated a claim upon which relief may be granted to the extent that he seeks in the proposed amended complaint to hold defendants Jackson, Ahmed, Joiner, Sweeny, Lewis Distel and Butterbaugh liable under § 1983 in their official as well as individual capacities. The Eleventh Amendment does not bar § 1983 individual-capacity suits against state officials, who may be held personally liable for actions taken as part of their official duties that deprive a person of his constitutional rights. *See Hafer v. Melo*, 502 U.S. 21, 30-31 (1991). However, by the same token, it is well-settled that state officials, sued for monetary relief in their official capacities, are not "persons" within the meaning of § 1983. *Id.* at 25-26 (citing *Will*, 491 U.S. at 71). As the Supreme Court has explained, "[a]lthough 'state officials literally are persons,' an official-capacity suit against a

5

state officer 'is not a suit against the official but rather is a suit against the official's office. As such it is not different from a suit against the State itself.'" *Id.* at 26 (quoting *Will*, 491 U.S. at 71). Therefore, because the Eleventh Amendment bars suits for money damages against the State, it also bars suits against state employees sued in their official, as opposed to individual, capacities. *See Will*, 491 U.S. at 66-71; *see also Quern v. Jordan*, 440 U.S. 332, 340-41 (1979). *Cf. Gibson v. Rose*, No. 1:12cv1509, 2012 WL 2995484, at *4 (N.D. Ohio July 23, 2012) (dismissing on initial screening of complaint the prisoner's § 1983 claims for damages brought against state correctional officials in their official capacities "for failure to state a claim upon which relief may be granted").

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion for leave to file an amended complaint (Doc. 7) is **GRANTED** to the extent that plaintiff may proceed with claims alleged in his proposed amended complaint against defendants Jackson, Ahmed, Joiner, Sweeny, Lewis, Distel and Butterbaugh in their individual capacities. The proposed amended complaint alleging those claims (Doc. 19), hereby supplants plaintiff's original complaint.

2. The defendants who have been served and have entered appearances in this case are **ORDERED** to respond to the claims alleged in the amended complaint that have been allowed to proceed within **twenty-one (21) days** of the date of filing of this Order.

6

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for leave to file an amended complaint (Doc. 7) be **DENIED** to the extent that plaintiff seeks in the proposed amended complaint (Doc. 19) to bring "official capacity" claims for damages against defendants Jackson, Ahmed, Joiner, Sweeny, Lewis Distel and Butterbaugh; to add the ODRC as a defendant; and to reinitiate a claim against Charlie Williamson, who was previously dismissed as a named defendant in this action. (*See* Docs. 5, 15).

Date: 6/15/15

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KENNETH J. RUTHERFORD, JR.,
    Plaintiff,

vs

WARDEN, SOUTHERN OHIO
CORRECTIONAL FACILITY, et al.,
    Defendants.

Case No. 1:15-cv-164

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc