UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KENNETH J. RUTHERFORD, JR.,
    Plaintiff,

vs.

WARDEN, SOUTHERN OHIO
CORRECTIONAL FACILITY, et al.,
    Defendants.

Case No. 1:15-cv-164
Barrett, J.
Litkovitz, M.J.

**ORDER**

    This matter is before the Court on the Ohio Attorney General's motion for leave to file under seal a motion to withdraw as counsel of record for defendant Randy Jackson (Doc. 45), plaintiff's response in opposition (Doc. 47), and the Ohio Attorney General's reply memorandum (Doc. 48).

    As background, the Ohio Attorney General filed a motion to withdraw as counsel of record for defendant Jackson in March 2016. (*See* Doc. 42). In May 2016, the Court denied the motion subject to reconsideration because it did not comply with S.D. Ohio Civ. R. 83.4(c)(2) in that it was not accompanied by an affidavit or other evidence supporting the assertion of good cause for the withdrawal of counsel. (*See* Doc. 44).

    Subsequently, the Ohio Attorney General filed the instant motion for leave to file under seal a motion to withdraw and supporting exhibits. (Doc. 45). The Ohio Attorney General seeks to file the motion and supporting exhibits under seal to "protect the interests" of defendant Jackson. (*Id.* at 2). The Ohio Attorney General indicates that the motion to withdraw will include the following exhibits: (1) an affidavit of R. David Picken, criminal justice section chief of the Ohio Attorney General; (2) Ohio Department of Rehabilitation and Correction ("ODRC") Form 1561, Request for Representation; and (3) ODRC Form 1562, Report Regarding Request

for Representation. The Ohio Attorney General indicates that Form 1561 contains the recommendations of the warden of the Southern Ohio Correctional Facility, defendant Jackson's former place of employment, concerning defendant Jackson's right to representation by the Ohio Attorney General. Form 1562 contains defendant Jackson's personal residential address, which the Ohio Attorney General argues should not be available to a prison inmate. (*Id.*).

Plaintiff's response in opposition contains a number of arguments concerning why the Court should not permit the Ohio Attorney General to withdraw as counsel.[1] (*See generally* Doc. 47). However, plaintiff has not made any specific arguments directed to whether the Ohio Attorney General should be permitted to file under seal the motion to withdraw and supporting exhibits. (*See id.*).

Here, the Ohio Attorney General indicates that the exhibits in support of the proposed motion to withdraw contain private information about defendant Jackson including his personal residential address. The Sixth Circuit has held that the disclosure of private information about law enforcement officials, including addresses, may place an individual at substantial risk of serious bodily harm. *See Kallstrom v. City of Columbus*, 136 F.3d 1055, 1063-64 (6th Cir. 1998). Thus, for good cause shown, the Ohio Attorney General's motion for leave to file the exhibits in support of the proposed motion to withdraw under seal is **GRANTED**. However, the motion to withdraw as counsel must be filed on the public docket of the Court.

**IT IS SO ORDERED.**

Date: 8/16/16

Karen L. Litkovitz
United States Magistrate Judge

---

[1] These arguments are premature given that the Ohio Attorney General has not yet refiled the motion to withdraw. Thus, the Court declines to address them at this time. Plaintiff may reassert these arguments if and when the Ohio Attorney General refiles the motion to withdraw.

2