UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KENNETH J. RUTHERFORD, JR.,
    Plaintiff,

vs.

WARDEN, SOUTHERN OHIO
CORRECTIONAL FACILITY, et al.,
    Defendants.

Case No. 1:15-cv-164
Barrett, J.
Litkovitz, M.J.

ORDER AND REPORT
AND RECOMMENDATION

This matter is before the Court on plaintiff's motion for default judgment (Doc. 65) and defendant Randy Jackson's response in opposition (Doc. 69). This matter is also before the Court on defendants' motion for leave to file an answer *instanter* (Doc. 70).

As background, plaintiff, an inmate at the Toledo Correctional Institution proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by current and former prison employees at the Southern Ohio Correctional Facility. Plaintiff filed his initial complaint in March 2015 and an amended complaint in June 2015. (Docs. 4, 19). In July 2015, counsel from the Ohio Attorney General's Office submitted an answer to the amended complaint for defendants Ahmed, Butterbaugh, Distel, and Joiner. (Doc. 21). In December 2015, after service was perfected on the remaining defendants, the Ohio Attorney General's Office submitted an answer to the amended complaint for defendants Jackson, Lewis, and Sweeny. (Doc. 36).

In March 2016, the Ohio Attorney General first filed a motion to withdraw as counsel of record for defendant Jackson. (Doc. 42). In May 2016, the Court denied the motion subject to reconsideration because it did not comply with S.D. Ohio Civ. R. 83.4(c)(2) in that it was not accompanied by an affidavit or other evidence supporting the assertion of good cause for the

withdrawal of counsel. (Doc. 44). In July 2016, the Ohio Attorney General moved for leave to file under seal a motion to withdraw and supporting exhibits. (Doc. 45). In August 2016, the Court granted the Ohio Attorney General's motion as to the exhibits but ruled that the proposed motion to withdraw must be filed on the Court's public docket. (Doc. 49).

The Ohio Attorney General then filed an amended motion to withdraw as counsel for defendant Jackson. (Doc. 50). The Ohio Attorney General asserted that his office had determined that defendant Jackson was not entitled to representation and indemnification by the State of Ohio because he acted "manifestly outside the scope of his employment or official responsibilities, with malicious purpose, in bad faith, or in a wanton or reckless manner." (*Id.* at 5-6) (quoting Ohio Rev. Code § 109.362(A)). On October 19, 2016, the Court granted the Ohio Attorney General's amended motion to withdraw as counsel for defendant Jackson. (Doc. 55). In doing so, the Court ordered the Ohio Attorney General to submit defendant Jackson's address *under seal*, stayed the case for 30 days, and ordered defendant Jackson to notify the Court whether he had retained alternate counsel or would be proceeding pro se. (*Id.* at 4-5).

Subsequently, defendant Jackson informed the Court that he would be proceeding pro se. (Doc. 58). Accordingly, on November 15, 2016, the Court extended the stay in this matter until January 3, 2017, directed the United States Marshal to serve a summons and a copy of plaintiff's amended complaint on defendant Jackson, and ordered defendant Jackson to file an answer to plaintiff's amended complaint within 21 days of service. (Doc. 59). Defendant Jackson was served with a summons and a copy of the amended complaint on November 25, 2016. (*See* Doc. 61). Thus, defendant Jackson's answer was due on or about December 16, 2016. *See* Fed. R. Civ. P. 12(a)(1)(A). On January 6, 2017, the Court found that given defendant Jackson's failure to move, answer, or otherwise plead in response to the amended complaint, an entry of default

and default judgment against defendant Jackson may be appropriate. (Doc. 62 at 1-2). Thus, the Court ordered plaintiff to either move to have default entered against defendant Jackson or show cause why this action should not be dismissed.

On January 13, 2017, plaintiff applied to the Clerk of Court for entry of default against defendant Jackson (Doc. 64) and moved for default judgment against him (Doc. 65).

On February 10, 2017, substitute counsel from the Ohio Attorney General's Office took over this case for the other defendants. (Doc. 66). That same day, substitute counsel entered a notice of appearance for defendant Jackson. (Doc. 67). Counsel also filed a response in opposition to the motion for default judgment. (Doc. 69). On February 17, 2017, counsel filed a motion for leave to file defendant Jackson's answer *instanter*. (Doc. 70).

In her response on defendant Jackson's behalf to the motion for default judgment, counsel ignores the unusual history of Mr. Jackson's representation in this Court and provides no explanation for the Ohio Attorney General's decision to now represent Mr. Jackson after delaying the proceedings in this case for nearly a year—and wasting plaintiff's and the Court's time and resources—to pursue and gain leave to withdraw as counsel for Mr. Jackson. (*See generally* Doc. 69). It was this withdrawal of counsel from representation of Mr. Jackson that precipitated the Court's November 15, 2016 Order directing service of the amended complaint on Mr. Jackson and ordering Mr. Jackson to file an answer to plaintiff's amended complaint. (*See* Doc. 59). The purpose of this Order was to ensure that defendant Jackson—who was then proceeding in this matter pro se as a result of the withdrawal of the Ohio Attorney General's Office as his counsel—was on notice of plaintiff's allegations against him in the amended complaint and received an opportunity to raise any defenses to those allegations that he wished

3

to assert as the sole defendant who was no longer being represented by the Ohio Attorney General.

Instead of acknowledging this procedural history, present counsel argues that former counsel already filed an answer on defendant Jackson's behalf in December 2015. (Doc. 69 at 1) (citing Doc. 36). Counsel characterizes the Court's November 15, 2016 Order as requiring defendant Jackson "to essentially repeat the previous filing of his Answer in response to Plaintiff's Amended Complaint." (Doc. 69 at 1). Counsel asserts that when as a result of the Court's November 15, 2016 Order, defendant Jackson "received the same Amended Complaint he knew he had already responded to through former counsel, it is reasonable to find that he believed it was unnecessary to file a second identical response." (*Id.* at 2-3). Counsel contends that default judgment is not appropriate because "there is no indication that Defendant Jackson failed to file an Answer or demonstrated any non-compliance with this Court's other orders." (*Id.* at 3).

Here, to the extent that present counsel takes issue with the propriety of the Court's November 15, 2016 Order requiring defendant Jackson to file an answer to the amended complaint upon becoming a pro se defendant, the Court finds that the procedural morass surrounding this issue is of the Ohio Attorney General's own making. Further, counsel's argument that "it is reasonable to find that [defendant Jackson] believed it was unnecessary to file a second identical response" is not well-taken when the November 15, 2016 Order served upon defendant Jackson along with plaintiff's amended complaint (*see* Doc. 59) clearly and explicitly required defendant Jackson to file an answer (whether identical to the answer filed by his former counsel or not).

4

Notwithstanding the foregoing, the Sixth Circuit has explained that default judgment "is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). The undersigned concludes that default judgment is not appropriate in this case. On February 17, 2017, defendant Jackson filed an untimely answer that complies with the November 15, 2016 Order. (*See* Doc. 70-1). This answer is identical to the answer that former counsel filed in December 2015 and, thus, plaintiff is not prejudiced as he need not address any additional affirmative defenses. Additionally, the Court finds that it would be unfair to make Mr. Jackson pay the price for the confusion resulting from the missteps of the Ohio Attorney General's Office in these proceedings.

Based on the foregoing, it is **ORDERED** that defendant Jackson's motion for leave to file an answer to the amended complaint *instanter* (Doc. 70) is **GRANTED**. The Clerk of Court is **DIRECTED** to file defendant Jackson's answer (Doc. 70-1). Further, it is **RECOMMENDED** that plaintiff's motion for default judgment (Doc. 65) be **DENIED**.

Date: 4/5/17

Karen L. Litkovitz
United States Magistrate Judge

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KENNETH J. RUTHERFORD, JR.,
    Plaintiff,

vs.

WARDEN, SOUTHERN OHIO
CORRECTIONAL FACILITY, et al.,
    Defendants.

Case No: 1:15-cv-164
Barrett, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).