# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KENNETH J. RUTHERFORD, JR.,
Plaintiff,

vs.

WARDEN, SOUTHERN OHIO
CORRECTIONAL FACILITY, et al.,
Defendants.

Case No. 1:15-cv-164
Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by current and former SOCF prison employees. This matter is before the Court on plaintiff's motion "for ordering authorization and directing release of complaints, grievances, medical records, and institutional transfer or protective control," which the Court construes as a motion for injunctive relief (Doc. 80), and defendants' response in opposition (Doc. 85).

At the time plaintiff filed his motion, he was a prisoner at the Toledo Correctional Institution ("TCI"). (*See* Doc. 80 at 3). Plaintiff asserts that in March 2017, he was denied protective control at TCI "after being involved with two known gang organizations that plaintiff asserts he had physical altercations with, due to a[] contract being put on plaintiff by a prison official, Sergeant Marshall Klavinger." (*Id.* at 1). Plaintiff asserts that after he was denied protective control, TCI officials sought to transfer him back to SOCF, "which is a hostile environment, and infested with top leaders of both gangs that plaintiff has been targeted by." (*Id.* at 2). Plaintiff asserts that he fears for his safety and he seeks a court order for protective control or an out-of-state transfer. (*Id.*). Plaintiff has since been transferred from TCI to SOCF. (*See* Doc. 91).

In determining whether to issue a preliminary injunction, the Court must balance the following factors:

1. Whether the party seeking the injunction has a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction would otherwise suffer irreparable injury;

3. Whether an injunction would cause substantial harm to others; and

4. Whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Id.* A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Id.* at 739.

Here, plaintiff is not entitled to a preliminary injunction. Plaintiff has failed to present any evidence that he will suffer irreparable harm absent a court order for protective control or an out-of-state transfer. The speculative assertions in plaintiff's motion concerning the harm he is likely to receive upon transfer back to SOCF do not constitute evidence supporting injunctive relief. In the absence of any evidence supporting plaintiff's motion, the motion should be denied. Additionally, the factual basis underlying plaintiff's motion (i.e., that non-defendant Klavinger of TCI has put a contract out on plaintiff with various prison gang members) is entirely separate from the claims concerning alleged excessive force, deliberate medical indifference, and unsanitary conditions of confinement at SOCF in 2014. *See Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) (holding a court may not grant a preliminary injunction when the issues raised in the motion are entirely different from those raised in the complaint); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)

(same). Further, this Court does not have personal jurisdiction over non-defendant Klavinger or the non-defendant TCI officials responsible for assigning plaintiff to protective control or empowered to transfer him to an out-of-state prison. *See, e.g., Shavers v. Bergh*, No. 2:07-cv-171, 2012 WL 1377169, at *2 (W.D. Mich. Mar. 29, 2012) (Report and Recommendation), *adopted*, 2012 WL 1377103 (W.D. Mich. Apr. 19, 2012) ("This court only has jurisdiction over the named defendants and does not have authority to issue an injunction against non-parties to this action."); *Laster v. Pramstaller*, Nos. 06-13508 & 05-71140, 2009 WL 497407, at *2 (E.D. Mich. Feb. 24, 2009) (Report and Recommendation), *adopted*, 2009 WL 790479 (E.D. Mich. Mar. 20, 2009) (finding the court had no power to adjudicate plaintiff's motion for injunctive relief because the court had no personal jurisdiction over non-defendants).

Based on the foregoing, it is **RECOMMENDED** that plaintiff's motion for injunctive relief (Doc. 80) be **DENIED**.

Date: 6/9/17

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KENNETH J. RUTHERFORD, JR.,
   Plaintiff,

vs.

WARDEN, SOUTHERN OHIO
CORRECTIONAL FACILITY, et al.,
   Defendants.

Case No: 1:15-cv-164
Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).